IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHARLES T. MONROE,                           )
                                             )
              Plaintiff,                      )
                                             )   C.A. No. 24-1370-GBW-LDH
       v.                                    )
                                             )                    FILED
DEPUTY WARDEN NATASHA                         )
HOLLINGSWORTH, et. al.,                       )          JUL 20 2026
                                             )
              Defendants.                     )

U.S. DISTRICT COURT DISTRICT OF DELAWARE

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendants Deputy Warden Natasha Hollingsworth, Cpl. Lerone Lewis, Lt. Louis Wells, Ofr. Rashon Jackson, Ofr. Jeffrey Ellison II, Lt. Matthew Kreutz, and Lt. Lynn Gibson's (collectively, "Defendants") motion to dismiss *pro se* Plaintiff Charles T. Monroe's Complaint for failure to state a claim upon which relief may be granted. (D.I. 18). Also pending are Mr. Monroe's Motion to Supplement Amendment (D.I. 21) and Motion to Renew Amendment to Complaint (D.I. 22). For the following reasons, I recommend GRANTING-IN-PART Defendants' motion and DENYING Mr. Monroe's motions.

## I.     BACKGROUND

Mr. Monroe initiated this 42 U.S.C. § 1983 action while detained[1] at the Howard R. Young Correctional Institution. (D.I. 2). He asserts claims under the Fifth Amendment, Eighth Amendment, as well as causes of action for retaliation, harassment, and intentional infliction of emotional distress against seven defendants for various incidents that allegedly occurred between July and November 2024. (*Id.*) He requests injunctive relief and damages. (*Id.*)

Mr. Monroe, who proceeds in forma pauperis (D.I. 6), has twice sought to amend his

---

[1]     Mr. Monroe characterizes himself as a "Pretrial Detainee" in his Complaint (D.I. 2 at 2) but he appears to have been incarcerated since at least 2021. *See Monroe v. Nunn*, C.A. No. 20-1485-RGA, D.I. 14 at 1 (D. Del. June 9, 2021). After initiating this action, Mr. Monroe notified the Court of a new address suggesting he is now incarcerated at the James T. Vaughn Correctional Center. (D.I. 24).

1

complaint to add additional defendants and incidents (D.I. 9, D.I. 15), which this Court denied (D.I. 16, D.I. 20). Mr. Monroe also sought and was denied a preliminary injunction (D.I. 14, D.I. 16).

Defendants then moved to dismiss Mr. Monroe's complaint for failure to state a claim. (D.I. 18). Mr. Monroe did not respond, and the Court ordered him to show cause as to why failure to respond to Defendants' motion should not be considered a failure to prosecute this case. (D.I. 20). Mr. Monroe then filed a Motion to Supplement Amendment (D.I. 21) and a Motion to Renew Amendment to Complaint (D.I. 22), which Defendants opposed (D.I. 23, D.I. 25). Some time later, Mr. Monroe responded to the Court's show cause Order explaining he had not received notice of the Court's prior Orders. (D.I. 27). The Court afforded Mr. Monroe additional time to file an answering brief opposing Defendants' motion to dismiss and stayed Mr. Monroe's motions to supplement and amend in the interim. (D.I. 28). Mr. Monroe then filed his answering brief (D.I. 29) and Defendants replied (D.I. 30).

## II.   LEGAL STANDARD

In reviewing a motion filed under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The complaint need not contain detailed factual allegations, but conclusory allegations and "formulaic recitation[s] of the elements of a cause of action" are insufficient to give the defendant fair notice of the nature of and grounds for the claim. *Twombly*, 550 U.S. at 555. The complaint must contain facts sufficient to show that a claim has "substantive plausibility."

2

*Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). While this plausibility standard requires more of the complaint than allegations supporting the mere possibility that the defendant is liable as alleged, plausibility should not be taken to mean probability. *Twombly*, 550 U.S. at 545. A claim is facially plausible, and the standard is satisfied, when the claim's factual allegations, accepted as true, allow the court to reasonably infer that the defendant is liable as alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 1948 (2009).

## III.  DISCUSSION

Even though I construe Mr. Monroe's *pro se* Complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007), I recommend granting Defendants' motion to dismiss as Mr. Monroe's Complaint contains unrelated claims against unrelated defendants in violation of Rule 20(a).

Rule 20(a)(2) states in pertinent part:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A) and (B); *see also* Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation [in a complaint] must be simple, concise and direct"). "In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. May 25, 2011). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Mai v. Blades*, C.A. No. 23-309-GBW, 2023 WL 7324547, at *2 (D. Del. Nov. 7, 2023) (dismissing plaintiff's complaint for asserting "a whole host of unrelated claims" and noting that "[m]ost of the claims do not arise out

3

of the same transaction or occurrence or series of transactions or occurrences" and "do not involve issues of law or fact common to all Defendants").

Here, Mr. Monroe's Complaint describes at least six different incidents involving seven different defendants that could implicate causes of action for, *inter alia*, retaliation, excessive force, cruel and unusual punishment, deliberate indifference, and denial of right of access to courts. (D.I. 2).[2] Many claims do not arise out of the same transaction or occurrence or series of transactions or occurrences, and there is no question of law or fact common to all defendants. Additionally, Mr. Monroe's motions seeking amendment (D.I. 21, D.I. 22) propose adding additional defendants and claims. This Court previously warned plaintiff that "separate and unrelated claims should be raised in separate civil actions." (D.I. 20).

Accordingly, I recommend dismissing Mr. Monroe's Complaint without prejudice as noncompliant with Fed. R. Civ. P. 20 and recommend denying his motions to amend as they too seek amendments that would violate Rule 20. *See Tejada v. Renington*, C.A. No. 23-252 (JLH), 2024 WL 2153275, at *1 (D. Del. May 14, 2024) (dismissing under Rule 20 complaint against nine named defendants, certain unnamed John Does listing 14 causes of action construed as claims for, *inter alia*, retaliation, excessive force, cruel and unusual punishment, deliberate indifference,

---

[2] In addition to recommending dismissal under Rule 20, Plaintiff's Complaint does not state a claim in other respects. For example, the Complaint does not allege that Deputy Warden Hollingsworth was personally involved in any of the incidents upon which Mr. Monroe seeks relief. Throughout his Complaint, Mr. Monroe mentions Deputy Warden Hollingsworth only once, alleging that "over a period of several months or longer, Deputy Warden Hollingsworth has allowed a continuous Pattern & Practice of Constitutional and Federal statutory rights violations to be carried out by the staff who are under her direct supervision." (D.I. 2 at 5). But in a § 1983 suit, "liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A "defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation mark omitted); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). Accordingly, Defendants' motion should be granted as to Deputy Warden Hollingsworth for the additional reason that Mr. Monroe fails to state a claim against her.

4

denial of right of access to courts, denial of due process property rights, denial of rights under the Religious Land Use and Institutionalized Persons Act, and violation of First Amendment right to association); *Parkell v. Linsey*, C.A. No. 17-543-LPS, 2017 WL 3485817, at *4 (D. Del. Aug. 14, 2017) (no logical relationship as to claims relating to an illegal strip search, interference with legal mail, First Amendment religious discrimination, and Eighth Amendment medical needs); *Fatir v. Markell*, C.A. No. 16–315–GMS, 2016 WL 5946870, at *5 (D. Del. Oct. 12, 2016) (similar); *Crichlow v. Doe*, C.A. No. 12–303–GMS, 2012 WL 1673004, at *2 (D. Del. May 11, 2012) (similar).

Additionally, I recommend permitting Mr. Monroe leave to file an amended complaint consistent with the following instructions. "He is cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties." *Tejada*, 2024 WL 2153275, at *2. "[T]o the extent that Plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file *separate complaints* addressing each violation along with separate motions to proceed in forma pauperis." *Id.* "Should Plaintiff choose to file an amended complaint, he is cautioned that it 'must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.'" *Id.* (quoting *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992)). Mr. Monroe is warned that the "inclusion of separate, unrelated claims will be considered a failure to comply with this Court's[O]rder and will result in recommending dismissal of the Complaint." *Id.* (citing Fed. R. Civ. P. 20). In addition, any amended complaint or new complaints filed in compliance with this Order "shall not include new claims." *Id.* Finally, the failure to file an amended complaint within thirty (30) days will result in recommending dismissal of this action for failure to comply with an Order of the Court.

## IV.    CONCLUSION

For the foregoing reasons, I recommend GRANTING-IN-PART Defendant's motion to dismiss (D.I. 18), except I recommend such dismissal be without prejudice to Plaintiff filing an amended complaint within thirty (30) days consistent with this Report and Recommendation. I recommend denying Mr. Monroe's Motion to Supplement Amendment (D.I. 21) and Motion to Renew Amendment to Complaint (D.I. 22). Any failure to file an amended complaint within thirty (30) days of the date on which this Report and Recommendation is adopted by the Court will result in recommending dismissal of this action for failure to comply with an Order of the Court.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Any objections to the Report and Recommendation shall be limited to ten (10) pages. Any response shall be filed within fourteen (14) days thereafter and limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

Date: July 20, 2026

United States Magistrate Judge